IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN D. POWELL AND HEIRS, <br> MATTIE AMOS AND HEIRS, <br> AND RUSSELL C. AMOS | § § § § | |
| Plaintiffs/Appellants | § | Civil Action No. H-07-2679 |
| v. | § § | |
| M&N RESOURCES, <br> PIERCE DALTON NUNLEY, <br> SUSAN MOODY NUNLEY, <br> JOHN D. MOODY, <br> LESTER JOEY DUREL, <br> ROBERT "SKIP" SUTTER, <br> IP PROPERTIES, <br> ATTORNEY LARYSSA KORDUBA, <br> MELANIE RICHARD, AND <br> CAROL LOUIS | § § § § § § § § § § § | |
| Defendants/Appellees | § | |

## MEMORANDUM AND ORDER

Appellants have filed an Emergency Motion for Injunctive Relief Under Federal Rule of Civil Procedure 65(D), (the "Emergency Motion") Motion for Discovery Rule 33(B)(3) (the "Discovery Motion"), and have appealed the Bankruptcy Court's decision in the adversary case 4:07-cv-2679. The relief requested in both Motions is far from obvious. Giving each Motion the most expansive reading, however, and indulging every presumption in Appellants' favor, the Court is nonetheless required to **DENY** both Motions and **DISMISS** this appeal.

I.   PROCEDURAL BACKGROUND

On April 9, 2007, Madilyn Denise Powell ("Powell") initiated a bankruptcy proceeding under Chapter 11 of the Bankruptcy Code. Powell, along with her parents Russell C. and Mattie Amos (the "Amoses"), filed an adversary proceeding against each of the Appellees herein. The adversary action requests money damages from Appellees resulting from alleged RICO violations. Certain of the Appellees filed a motion to dismiss the adversary action and a request for an injunction to prevent Powell and the Amoses from filing any cases in any federal court absent prior permission from the Bankruptcy Court. Other Appellees subsequently filed a similar motion.

The Bankruptcy Court held a hearing on June 27, 2007. Neither Powell nor the Amoses appeared. The Bankruptcy Court continued the hearing until July 6, 2007, and issued an order requiring Powell and the Amoses to appear at the hearing.

On June 25, 2007, Powell and the Amoses filed another suit before this Court making allegations substantially similar to those made in the adversary proceeding. On motion of certain of the Appellees, this Court referred the matter to the Bankruptcy Court. The Bankruptcy Court proceeded with the hearing on the motions to dismiss and for injunctive relief on July 6, 2007. Despite the seriousness of the issues to be decided and despite the Court's order compelling attendance, Powell and Mrs. Amos failed to appear. Mr. Amos appeared and testified.

The motions to dismiss asserted that res judicata barred the adversary proceeding and that the RICO claims should be dismissed pursuant to F.R.Civ.P. 12(b)(6). As the Bankruptcy Court correctly observed, the adversarial action and the many other cases that have been filed all arise from a judgment that Lyndol Enterprises ("Lyndol") obtained in June 2000, in state court in Iberia Parish, Louisiana, against the Amoses. The Judgment declared the Amoses liable for unpaid rents, taxes, attorneys' fees, and costs due to default on a commercial lease entered into with Lyndol. Lyndol

sought to satisfy the judgment by foreclosing on certain property of the Amoses in Lafayette, Louisiana. The property, which was encumbered by twenty-two more senior liens, did not sell at the scheduled sheriff's sale. The property was later sold, in July 2001, for $11,415.97 to I.P. Properties. Since that time, the Amoses have filed multiple suits asserting various causes of action arising from the sale of the properties.

In November 2004, the Louisiana Third Circuit Court of Appeals issued an Order disposing of the many lawsuits that the Amoses and/or Powell had filed relating to the property. The salient language from the Court's Order is quoted at length in the Bankrupty Court's Findings of Fact and Conclusions of Law and need not be repeated here. Nor need the Bankruptcy Court's analysis of res judicata be repeated. Res judicata bars not only claims which have been brought, but also claims which "could have been advanced" in the former adjudication. *Nielsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983).

The Bankruptcy Court also quite properly went on to observe that, even if some aspects of the RICO claim asserted by Appellants could be considered an additional claim for relief not existing at the time the Louisiana cases were filed, Appellees' 12(b)(6) motions were well-taken. Taking all allegations as true, Appellants' claims do not meet even the most basic requirements to maintain a RICO action.

The Bankruptcy Court then listed each of the seven bankruptcy proceedings filed by one or more of the Appellants since 1989 (six of which were filed since 1999). The Bankruptcy Court also noted that the Appellants had filed six lawsuits, including the adversary proceeding before it, requesting the same relief based on the same facts. The Court then dismissed the adversary

proceeding and bankruptcy case, and enjoined the Amoses and Powell from subsequent filings without prior consent of the Bankruptcy Court.

## II. APPELLANTS' CONTENTIONS ON APPEAL

Even with the benefit of an unusually clear and concise set of Findings of Fact and Conclusions of Law from the Bankruptcy Court, Appellants' contentions are exceedingly difficult to understand. To the best of this Court's ability to understand them, Appellants seem to be arguing that a) an injunction should be entered because of misconduct dating back to the Louisiana litigation, b) that the Bankruptcy Court erred in not dismissing certain proceedings; c) that Appellants were entitled to a jury trial on their RICO and other claims; d) that certain discovery should be allowed; and e) that the Bankruptcy Court erred in issuing a warrant for Mrs. Amos when she failed to appear for a hearing. Each of these contentions will be considered in turn.

### A. Whether an Injunction Should be Entered

Bankruptcy Rule 8005 requires that a request for a stay pending appeal or for other relief pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance." Appellants cite no fact and no law that would exempt them from this requirement. No request for injunctive or similar relief was ever presented to the Bankruptcy Court.

### B. Whether the Bankruptcy Court Erred in Not Dismissing the Adversary Proceeding

Appellants' argument as to the failure of the Bankruptcy Court to dismiss certain proceedings is especially difficult to follow. The bankruptcy case filed by Powell was, in fact, dismissed on her motion. Appellants appear to suggest that this required the Bankruptcy Court also to dismiss the adversary action. Even when a bankruptcy case is dismissed, whether to retain

jurisdiction of the adversary proceeding is within the sound discretion of the bankruptcy court. *In re Young* 2007 WL 1662644 at page 3 (Bankr. S.D. Tex.). In view of the Appellants' repetitious filings, the Bankruptcy Court was certainly well within its rights in retaining the adversary proceeding, especially because most of the named defendants had appeared and the issues had been properly joined.

### C. Whether Appellants were Entitled to a Jury Trial on Their RICO or Other Claims

There is no need to add to, or restate, what the Bankruptcy Court stated in its Findings of Fact and Conclusions of Law. All of Appellants' claims are barred either by res judicata or for failure to state a claim consistent with F.R.Civ.P. 12(b)(6).

### D. Whether Appellants Should be Allowed to Engage in Discovery

Appellants suggest no legal basis for their apparent request to engage in discovery in connection with this appeal. Nor is there any self-evident need for them to do so.

### E. Whether a Warrant Should Have Been Issued for Ms. Amos

The Bankruptcy Court continued a hearing because Appellants failed to appear. Appellants were ordered to appear at the continued hearing. Ms. Amos failed to do so even though she was one of the three individuals who had initiated the adversary proceeding that was the subject of the hearing. There was no error in issuing a warrant for her non-compliance with the Court's order.

### III. CONCLUSION

The Bankruptcy Court's Findings of Fact and Conclusions of Law are correct in their every particular. The Motions are **DENIED**, the underlying adversary proceeding is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this ___24th___ day of September 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE