IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| MADILYN D. POWELL | § | |
| MATTIE AMOS | § | |
| RUSSELL C. AMOS | § | |
| | § | |
| APPELLANTS. | § | Civil Action No. H-06-2679 |
| v. | § | |
| | § | |
| PIERCE DALTON NUNLEY, ET AL. | § | |
| | § | |
| | § | |
| DEFENDANTS. | | |

**MEMORANDUM AND ORDER**

Appellants Madilyn D. Powell, Mattie Amos, and Russell C. Amos (collectively "Appellants") have filed an "Objection to Order for Contempt of Court (the "Objection"). Appellants contend that the Court erred in citing Mattie Amos and Russell C. Amos for contempt because they are not named as parties to the state court filing that led to the contempt hearing and contempt citation. Appellants also contend that Ms. Powell should not be cited for contempt because she was subsequently granted *in forma pauperis* status.

A.  **BACKGROUND**

The history of the litigation is long and is summarized in the Court's Memorandum and Order of September 24, 2007 (Docket No. 12). A valid and enforceable Order was issued by Bankruptcy Judge Isgur forbidding Appellants from filing any further lawsuits involving claims to identified Louisiana property (the "Louisiana Property") without first obtaining permission from him. Despite this Order, in October Appellant Powell filed a lawsuit in DeSoto Parish, Louisiana (the

"DeSoto Litigation") concerning the Louisiana Property.

Appellees filed an Emergency Motion for Contempt (Docket No. 24) with the Bankruptcy Court and this Court then withdrew the reference. A hearing was held on October 24, 2007. After hearing from both sides, the Court set another hearing for October 31, 2007 and warned that, if the DeSoto Litigation was not withdrawn by then, Appellants would be held in contempt.

Appellants failed to appear either in person or by telephone on October 31, 2007. On October 30, however, Appellants filed a Notice of Compliance in which they asserted that they had withdrawn the DeSoto Litigation.

In the Notice of Compliance and in the earlier hearing, Appellants consistently represented that all three of then had acted in unison regarding the DeSoto Litigation. For example, the Notice of Compliance was signed by all Appellants. *See also* Transcript of October 24, 2007 hearing at 4,5,6,7,8,9, 10. Ms. Amos said of the DeSoto Litigation "We just asserted the rights." Tr. at 5, Ms. Amos again says "Yes, we did file a petition." Tr. at 8. After hearing from Appellees' counsel at the October 31 hearing, the Court held Appellants in contempt.

### B. Appellants' Current Position as to who Filed the DeSoto Litigation

Appellants now object to the Court's having entered contempt sanctions against Mattie Amos and Russell Amos, as well as Ms. Powell. There are several issues raised by Appellants' arguments.

#### 1. Jurisdiction

The first is whether this Court has jurisdiction to alter its Memorandum and Order. Appellants filed a Notice of Appeal (Docket No. 33) before filing their Objection which would appear to have vested the Court of Appeals with jurisdiction. The Court will nevertheless assume, without deciding, that it could offer Appellants relief if it chose because of the continuing nature of

the contempt sanction.

2. **Timeliness**

There is a further issue as to whether Appellants waited too late before filing their Objection. To be sure, Appellants clearly missed the ten day deadline prescribed by F.R.Civ.P. 59(b). Still, the Court is willing to assume that it could permissibly grant relief from its Order under F.R.Civ.P. 60.

3. **Whether All Three Appellants were Properly Cited for Contempt**

Although Ms. Powell is the only party named in the DeSoto Litigation, that is of little moment. As already noted, the Appellants, at the October 24th hearing, consistently represented to the Court that the DeSoto Litigation had been brought on behalf of all of them. Even more importantly, the Notice of Compliance was signed by all three of them.

At the hearing on October 31st, the Court satisfied itself that the Notice of Compliance was a total misrepresentation. In the Court's Order imposing contempt sanctions, it referred to the misrepresentation directly in saying that "Because of this and for the reasons set forth on the record at the October 31, 2007 hearing. . . .". Appellees were entitled to the relief sought.

Accordingly, the fact that Ms. Powell is the only named plaintiff in the DeSoto Litigation is a far from sufficient basis to vacate the contempt sanction against the Amoses.

C. **Whether Ms. Powell's Having Been Granted *In Forma Pauperis* Status should Relieve Her From Contempt Sanctions**

Appellants also assert that the contempt sanctions entered should not be imposed upon Ms. Powell because she subsequently was granted *in forma pauperis* status. The Court will not repeat its concerns as to jurisdiction or timeliness, but will consider Appellants' argument on its merits.

Although *in forma pauperis* status was granted Ms. Powell, there is substantial uncertainty

as to both Ms. Powell's credibility and her relationship with Mr. and Mrs. Amos, who have been represented to be her parents.

As demonstrated by the Notice of Compliance, Ms. Powell is willing to misrepresent critical facts to the Court. The granting of *in forma pauperis* status does not attenuate this consideration. Further, Ms. Powell has stated that, in the recent past, she was receiving income from the Amoses. Relieving Ms. Powell of the contempt sanctions would invite Mr. and Mrs. Powell to convey monies to Ms. Powell so that they themselves could also claim to be impoverished. In fact, after representing to the Court that she and her husband were not seeking *in forma pauperis* status (October 24 Tr. at 18), Ms. Amos has filed an Application seeking precisely that (Dkt. No. 28).

Appellants' Objection is **DENIED**.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this ___21st___ day of December 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT COURT